**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------

**SUSAN RUSSO,** on behalf of herself                  : Case No. _____
and all others similarly situated,

                 Plaintiff,                  :  CLASS ACTION COMPLAINT
                                                                                                            & DEMAND FOR JURY TRIAL

      V.                                                               :

**PLANETART, LLC d/b/a CAFEPRESS.COM,**
**CANVASWORLD.COM, and**
**FREEPRINTSNOW.COM,**                  :

                 Defendant,                  :
_____

       Plaintiff, Susan Russo ("Plaintiff" or "Ms. Russo"), individually and on behalf

of all others similarly situated, by and through undersigned counsel, Robert Schonfeld, Esq. of

JOSEPH & NORINSBERG, LLC, brings this action against PlanetArt, LLC d/b/a

cafepress.com, canvasworld.com, and freeprintsnow.com ("Defendant") for violations of Title

III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the New York

State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., the New York Civil

Rights Law ("NYCRL"), N.Y. Civ. Rights Law § 40 et seq., and the New York City Human

Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.

## **INTRODUCTION**

    1.    Plaintiff Susan Russo is a legally blind resident of New York County, New

York, and is permanently disabled due to Diabetic Retinopathy, resulting in a visual field

limitation of less than twenty (20) degrees in her better eye, markedly reduced contrast

sensitivity, and substantial impairment of her major life activity of sight. As documented by

her treating ophthalmologist, Ms. Russo's visual impairment meets the statutory definition of

legal blindness under federal and New York State law.  (see ***Ex. A*** – Medical Letter, Susan

Russo, dated January 12, 2025

    2.    Due to her permanent and progressive visual impairment, Ms. Kramer relies

exclusively on screen-reading software, including **NonVisual Desktop Access (NVDA)**, to navigate digital interfaces, read product information, and complete online transactions. Properly coded websites are essential for NVDA to interpret content and allow Ms. Kramer to access goods and services on equal terms with sighted consumers.

3.     Defendant PlanetArt, LLC is a limited liability company that owns, operates, and/or controls three commercial websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — through which it sells and/or facilitates the sale of custom-printed apparel, canvas wall art, and personalized photo products to the general public throughout the United States, including New York. [1]

5.     Defendant's three commercial websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — contain access barriers that prevent individuals who are blind or visually impaired from having full and equal access to the facilities, goods, and services that Defendant makes available to the general sighted public via the Internet.

6.     These access barriers include, without limitation: missing alternative text on hundreds of product and navigational images; missing and empty form labels preventing screen readers from identifying form fields; empty links providing no navigational context; spacer images lacking alternative text; and widespread very low contrast errors — all of which render the websites wholly or substantially inaccessible to blind users relying on screen reader software. Exhibit B.

7.     This is not the first time Defendant has been confronted with the accessibility failures of its websites. In May 2025, PlanetArt, LLC was sued in the United States District

---

[1] **PlanetArt, LLC owns, operates, and controls a broad network of commercial retail websites and online consumer brands—well beyond the three Websites identified herein—including numerous additional e-commerce properties that collectively form PlanetArt's nationwide digital retail portfolio. These additional websites are not the focal point of this Complaint, which concerns only the accessibility barriers present on cafepress.com, canvasworld.com, and freeprintsnow.com.**

Court for the Northern District of Illinois in a case captioned *Haron Cole v. PlanetArt, LLC,* Case No. 1:25-cv-05360, in which Plaintiff Haron Cole alleged that another PlanetArt website — www.gifts.com — was inaccessible to blind and visually impaired individuals in violation of the ADA. On September 15, 2025, the Honorable Sunil R. Harjanic entered an order granting a motion for voluntary dismissal (Dkt. #12) in that action. Despite being previously sued for virtually identical ADA violations concerning another of its websites, Defendant failed to take any remedial steps to ensure that its other websites — cafepress.com, canvasworld.com, and freeprintsnow.com — were accessible to blind and visually impaired individuals, and those websites remain inaccessible to the present day.

8.      Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class consisting of all legally blind individuals in the United States who have attempted to, or in the future will attempt to, access Defendant's websites — www.cafepress.com, www.canvasworld.com, and/or www.freeprintsnow.com — and have been, or will be, denied full and equal access to those websites due to the access barriers described herein.

9.      Plaintiff seeks injunctive relief, compensatory and punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, as Plaintiff alleges violations of Title III of the Americans with Disabilities Act ("ADA"), a federal civil rights statute. Supplemental jurisdiction over Plaintiff's state and city law claims is proper under 28 U.S.C. § 1367.

11.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under the New York State Human Rights Law, Article 15 (Executive Law § 290 *et seq.*) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*,

("NYCHRL") & § 296 *et seq*.; and the New York State Civil Rights Law, Article 4, § 40-c and § 40-d ("NYCRL").

12.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant conducts substantial, continuous, and systematic business within this District through its highly interactive, public-facing retail websites, including but not limited to, www.cafepress.com, www.canvasworld.com,    and www.freeprintsnow.com. Plaintiff repeatedly accessed and attempted to use the Website from her residence in New York County, which lies within the Southern District of New York ("SDNY"). A significant portion of the discriminatory conduct giving rise to this action—including the denial of equal access to Defendant's online information and services—occurred within this District.

13.    Defendant purposefully avails itself of the privilege of conducting business in New York by marketing, advertising, and selling its products to New York consumers through its numerous websites. Defendant transmits digital content, files, and data to consumers located in this District. Courts have consistently held that such purposeful, repeated online commercial activity constitutes sufficient minimum contacts for personal jurisdiction. See *Reed v. 1-800-Flowers.com, Inc.,* 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials, LLC,* 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,* 592 U.S. ___ (2021); *South Dakota v. Wayfair, Inc.*, 585 U.S. ___ (2018); *Romero v. 88 Acres Foods, Inc.*, 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022); *Sanchez v. NutCo, Inc.,* 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22, 2022); *Panarra v. HTC Corp.,* No. 6:20-cv-6991 (W.D.N.Y. Apr. 15, 2022).

## THE PARTIES

18.    **Plaintiff Susan Russo** is a legally blind resident of New York, New York. Ms. Russo is permanently disabled due to Diabetic Retinopathy, resulting in a visual field limitation of less than twenty (20) degrees in her better eye, markedly reduced contrast sensitivity, and

substantial impairment of her major life activity of sight. Her visual impairment is medically documented and meets the statutory definition of legal blindness under federal and New York State law. Because of her disability, Ms. Russo relies exclusively on screen-reading software, including NonVisual Desktop Access ("NVDA"), to navigate digital interfaces, read product information, and complete online transactions. [2] Exhibit A

20.     Defendant PlanetArt, LLC is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business located at 1301 Internationale Pkwy, Woodridge, Illinois 60517. PlanetArt owns, operates, controls, and maintains the commercial retail websites **cafepress.com**, **canvasworld.com**, and **freeprintsnow.com**, which market custom-printed apparel, canvas wall art, and personalized photo products to consumers nationwide, including residents of the Southern District of New York.

21.     PlanetArt markets, advertises, and sells its products to New York consumers through these Websites, transmits digital content to users located in this District, and maintains highly interactive online platforms that enable consumers to browse products, review descriptions, select styles, upload photographs, and complete purchases. Defendant is responsible for ensuring that its Websites are designed, coded, and maintained in a manner that is accessible to individuals who rely on screen-reading technology.

22.     At all relevant times, Defendant has continuously conducted business within the Southern District of New York by offering its goods and services to residents of this District through its Websites and by repeatedly transmitting digital content, files, and data to consumers located here.

---

[2] Ms. Russo was examined by Jonathan Fishman, MD of N.Y.C. Retina, located at 112 East 19th Street, New York, NY 10003, on or about April 25, 2025, who confirmed her diagnosis of Diabetic Retinopathy and legal blindness, with visual field limitation less than twenty (20) degrees in her better eye.

**NATURE OF ACTION**

22.    This action arises under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., challenging Defendant's operation of public-facing commercial websites that deny blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of this District, attempted to access Defendant's Websites using screen-reading software but encountered multiple access barriers that prevented meaningful engagement with their goods, services, and digital content. Defendant's failure to design, construct, and maintain its Websites in accordance with the Web Content Accessibility Guidelines ("WCAG 2.1") constitutes unlawful discrimination and violates federal accessibility standards.

23.    The Internet has become indispensable to modern commerce. Online shopping affords consumers—including persons with disabilities—the ability to access goods and services without the physical limitations associated with traditional brick-and-mortar establishments. For blind and visually impaired individuals in particular, accessible websites provide the opportunity to independently shop, research, and purchase products, offering a level of autonomy often unavailable in physical stores that lack adequate assistive resources.

23.    In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services offered online.

24.    Users of Windows-enabled computers have access to several screen-reading programs, including Job Access With Speech ("JAWS"), which is commercially available, and

NonVisual Desktop Access ("NVDA"), which is open-source. These tools are indispensable for blind users and represent the only means by which they can independently navigate the Internet.

25.    Plaintiff, Susan Russo, is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), its implementing  regulations at 28 C.F.R. §§ 36.101 et seq., and the NYCHRL. To access the Internet, Plaintiff relies on screen-reading software such as JAWS and/or NVDA for Windows.

26.    For screen-reading software to function, website content must be capable of being rendered into text. If the underlying code fails to support this conversion, blind users are unable to access the same content available to sighted users. Screen-reading software "translates the visual Internet into an auditory equivalent. At a rapid pace, the software reads the content of a webpage to the user." *Andrews v. Blick Art Materials, LLC,* 286 F. Supp. 3d 365, 375 (E.D.N.Y. 2017). As Judge Weinstein explained: "The screen reading software uses auditory cues to allow a visually impaired user to effectively use websites. For example, when using the visual internet, a seeing user learns that a link may be 'clicked,' which will bring her to another webpage, through visual cues, such as a change in the color of the text... The screen reading software uses auditory—rather than visual—cues to relay this same information... Through a series of auditory cues read aloud by the screen reader, the visually impaired user can navigate a website by listening and responding with her keyboard." See also American Federation for the Blind, Screen Readers, AFB Technology Guide, estimating that 26 million American adults report sight deficiency.

.   27.   The World Wide Web Consortium ("W3C") has published the Web Content Accessibility Guidelines ("WCAG") 2.0 and 2.1, which establish internationally recognized standards for digital accessibility. These guidelines are widely adopted by private entities and government agencies, including the U.S. Department of Justice, and have been recognized by

courts as the appropriate benchmark for ADA compliance.

27.    Non-compliant websites pose recurring barriers to blind and visually-impaired users. Common violations include, but are not limited to:

a.  Missing text equivalents for non-text elements (e.g., product images without alternative text);

b.  Unlabeled frames and navigation regions;

c.  Scripts without accessible alternatives;

d.  Inaccessible forms and input fields (e.g., size and color selection dropdowns);

e.  Content conveyed solely through visual presentation;

f.  Inability to resize text without loss of functionality;

g.  Time limits that cannot be adjusted or disabled;

h.  Missing or ambiguous page titles;

i.  Links lacking descriptive context (e.g., generic "Click Here" text);

j.  Keyboard focus indicators that are not discernible;

k.  Undetectable default language settings;

l.  Components that trigger unexpected context changes;

m.  Settings that alter context without user notice;

n.  Input fields lacking labels or instructions, including inaccessible CAPTCHA prompts;

o.  Improperly nested markup, duplicate attributes, and non-unique IDs;

p.  Inaccessible Portable Document Format (PDF) files;

q.  User interface elements whose roles and states cannot be programmatically determined; and/or

r.  Animated images that cannot be paused or stopped, preventing screen readers from processing the page.

25.     Despite the well-established legal obligations and the widely available technical resources enabling web accessibility, Defendant has failed to design, construct, maintain, and operate its websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — in a manner that is accessible to blind and visually impaired individuals. The access barriers on Defendant's websites are systemic, pervasive, and were known or should have been known to Defendant, particularly in light of the prior lawsuit filed against Defendant in 2025 concerning the accessibility of another of its commercial websites.

26.     The Web Accessibility Evaluation Tool ("WAVE"), developed by WebAIM, is a widely accepted and reliable automated accessibility evaluation tool used by courts, accessibility experts, and litigants to identify accessibility barriers on websites. WAVE audits performed on Defendant's Websites confirm extensive and pervasive accessibility violations affecting blind users who rely on screen-reading software, including missing alternative text, empty links, unlabeled form fields, inaccessible navigation structures, and widespread contrast failures. The Web Accessibility Evaluation tool ("WAVE"), developed by WebAIM, is a widely accepted and reliable automated accessibility evaluation tool used by courts, accessibility experts, and litigants to identify accessibility barriers on websites. WAVE audits performed on Defendant's websites confirm extensive and pervasive accessibility violations affecting blind users who rely on screen reader software.

## STATEMENT OF FACTS

27.     Plaintiff Susan Russo is a legally blind consumer residing in New York, New York. Ms. Russo is permanently disabled due to Diabetic Retinopathy, resulting in a visual field limitation of less than twenty (20) degrees in her better eye, markedly reduced contrast sensitivity, and substantial impairment of her major life activity of sight. Her visual impairment is medically documented and meets the statutory definition of legal blindness under federal and

New York State law.

28.     Because of her disability, Ms. Russo relies exclusively on screen-reading software, including NonVisual Desktop Access ("NVDA"), to navigate digital interfaces, read product information, and complete online transactions. Properly coded websites are essential for NVDA to interpret content and allow Ms. Russo to access goods and services on equal terms with sighted consumers.

29.     Defendant PlanetArt, LLC owns and operates a portfolio of interrelated e-commerce websites operating under a single corporate umbrella, including www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com. PlanetArt, LLC is one of the few companies in the marketplace that simultaneously offers custom-printed apparel, canvas fine art prints, and free personalized photo products across a family of branded websites with a unified corporate identity.

30.     CafePress (www.cafepress.com) is a custom-printed merchandise marketplace that features millions of artist-designed and consumer-customizable products, including apparel, accessories, home décor, and novelty items. Unlike general e-commerce retailers, CafePress offers a distinctive design-on-demand model that enables consumers to select from an unparalleled library of graphic designs, including disability-awareness, charity support, and community-themed designs. No comparable single competitor offers the same breadth of custom-printed apparel designs in a single marketplace.

31.     CanvasWorld (www.canvasworld.com) is a specialized canvas fine art printing retailer that offers over 451 abstract and artistic canvas prints in a variety of sizes, from small accent pieces to large statement canvases. CanvasWorld distinguishes itself through competitive pricing, frequent promotional offers, and a curated selection of original artwork available exclusively on canvas — a combination of quality, price, and product range that makes it a preferred destination for consumers seeking canvas home décor.

32. FreePrints (www.freeprintsnow.com) operates a unique ecosystem of mobile-driven photo product applications, including FreePrints (free 4x6 photo prints delivered monthly), FreePrints Photobooks (free 20-page 5x7 softcover photo book delivered monthly), FreePrints Photo Tiles (free 8x8 adhesive photo tile delivered monthly), and FreePrints Gifts (free personalized gift delivered monthly). FreePrints is distinctive in the marketplace because it offers a truly free monthly photo product with no subscription fee — a business model not replicated by any comparable competitor at equivalent value.

33. Because PlanetArt, LLC operates all three websites under a single parent entity, Plaintiff had a unique opportunity to source custom apparel, canvas art, and personalized photo products from a single family of affiliated websites backed by a single company's reputation and customer service infrastructure. This integrated multi-brand offering is not available from any comparable single competitor.

34. Plaintiff sought to purchase canvas artwork not for visual appreciation, but for legitimate commercial and personal reasons, including investment value, gift-giving, and the desire to obtain artwork for a close relative who is a semi-accomplished artist and has expressed interest in receiving a canvas print as a present. Blind consumers routinely purchase visual art for reasons unrelated to sight, including investment, décor coordination with assistance from family members, and gift-giving. Plaintiff's intent to purchase canvas art was therefore concrete, commercially motivated, and entirely consistent with the purchasing behavior of blind consumers who rely on accessible websites to evaluate and acquire goods.

**A. Plaintiff's Attempt to Access CafePress**

34. On or about February 11, 2026, Plaintiff Susan Russo attempted to access www.cafepress.com using her NVDA screen reading software. Plaintiff navigated to the clothing category page of the website in an effort to browse and potentially purchase a Custom Men's Value T-Shirt (listed at a starting price of $19.99), a customizable apparel item uniquely

available through CafePress's personalization platform and not readily available through any comparable single competitor at comparable pricing.

35. During her February 11, 2026, visit to www.cafepress.com, Plaintiff's NVDA screen reader encountered access barriers that prevented her from independently browsing and evaluating products. Specifically, the WAVE accessibility audit of www.cafepress.com revealed 127 errors, including: one hundred twenty-one (121) instances of missing alternative text on product and content images; two (2) linked images lacking alternative text; two (2) missing form labels on navigational or filtering controls; and two (2) empty links that provided no description to Plaintiff's screen reader. These errors prevented Plaintiff from receiving any meaningful description of the product images, thumbnail images of available designs, and navigational controls on the clothing category page, rendering the products effectively invisible to her. Plaintiff subsequently accessed the Café Press website on March 15, 2026 – to determine whether any changes were made to the site; to no avail. Exhibit B, which contains all of the WAVE reports for all of the sites.

36. In addition to the errors described above, the WAVE audit of www.cafepress.com identified fifteen (15) very low contrast errors. These contrast deficiencies prevent individuals with low vision — including individuals with Diabetic Retinopathy such as Plaintiff — from perceiving text, labels, and visual elements on the page. The cumulative effect of these barriers rendered the www.cafepress.com clothing category page substantially inaccessible to Plaintiff. The website received an AIM (Accessibility Impact Metric) score of only 2.6 out of 10, reflecting a profound and systemic failure to comply with WCAG 2.1 Level AA accessibility standards.

37. On or about April 14, 2026, Plaintiff Susan Russo again attempted to access www.cafepress.com with her NVDA screen reader. On this occasion, Plaintiff sought to locate and potentially purchase a Teacher Word Cloud Womens Comfort Colors Shirt (priced at

$38.49), a themed apparel item available through CafePress's extensive community-designed catalog. The same access barriers identified during Plaintiff's February 11, 2026, and March 15, 2026 visits persisted, and Plaintiff was again unable to independently navigate the product offerings, evaluate product images, or complete a purchase.

**B.  Plaintiff Attempt to Access CanvasWorld**

38.     On or about February 11, 2026, Plaintiff Susan Russo also attempted to access www.canvasworld.com using her NVDA screen reading software. Plaintiff navigated to the abstract canvas wall art category page, which featured over 451 canvas art products, in an effort to browse and potentially purchase the "Calm Dawn" abstract canvas print (listed at a starting price of $78.00, with an original price of $107.00). Plaintiff selected CanvasWorld because of its specialized focus on canvas art printing, its competitive pricing, and its curated selection of abstract artwork not available at equivalent quality and value from any comparable single competitor.

39.     During her February 11, 2026, visit to www.canvasworld.com, Plaintiff's NVDA screen reader encountered pervasive access barriers. The WAVE accessibility audit of www.canvasworld.com revealed 57 errors, including: two (2) instances of missing alternative text; thirty-six (36) spacer images lacking alternative text; two (2) missing form labels on product filtering controls; fourteen (14) empty form labels on additional filtering and sorting controls; and one (1) missing or invalid language attribute. These barriers prevented Plaintiff's screen reader from identifying the product images, understanding the purpose and function of the filtering and sorting controls, and navigating the over 451 available canvas products. Again, on March 15, 2026, Plaintiff similarly accessed the same site yet, as she previously encountered, the volumous access barriers prevented her from accomplishing her goals.

40.     In addition to the errors described above, the WAVE audit of www.canvasworld.com identified fifty-one (51) very low contrast errors — the highest number

of contrast errors among the three Defendant websites. These pervasive contrast failures further impeded Plaintiff's ability to perceive any residual visual elements on the page. The website received an AIM score of only 1.9 out of 10 — the lowest of Defendant's three websites — reflecting a catastrophic failure to implement even basic accessibility measures. The 176 alerts identified by the WAVE audit further confirm the breadth and depth of accessibility failures on this website.

41.     On or about April 14, 2026, Plaintiff Susan Russo again attempted to access www.canvasworld.com with her NVDA screen reader. On this occasion, Plaintiff sought to locate and potentially purchase the "Drama Queen Stripes" abstract canvas print (listed at $79.00, with an original price of $107.00) as a home décor item. The same access barriers identified during Plaintiff's February 11, 2026, and March 15, 2026 visits persisted, and Plaintiff was again unable to independently browse the product catalog, review product images, apply product filters, or complete a purchase.

C.  **Plaintiff Attempt to Access Free Prints Now**

42.     On or about June 18, 2026, Plaintiff Susan Russo attempted to access www.freeprintsnow.com using her NVDA screen reading software. Plaintiff navigated to the apps and services page of the website in an effort to learn about and sign up for the FreePrints Photobooks service — specifically, the free monthly 20-page 5x7 softcover photo book — in order to preserve family photographs in a professionally printed format at no cost. Plaintiff chose FreePrints over other photo book services because of its unique free monthly offering, which is not available from any comparable competitor at equivalent value.

43.     During her June 18, 2026, visit to www.freeprintsnow.com, Plaintiff's NVDA screen reader encountered multiple access barriers. The WAVE accessibility audit of www.freeprintsnow.com revealed 20 errors, including: seven (7) instances of missing alternative text on images; ten (10) linked images lacking alternative text — meaning that

images functioning as hyperlinks provided no descriptive text to Plaintiff's screen reader; one (1) spacer image lacking alternative text; and two (2) empty links providing no navigational context. These barriers prevented Plaintiff from receiving any meaningful description of the services offered on the page, including the FreePrints Photobooks, FreePrints Photo Tiles, and FreePrints Gifts services, which are advertised primarily through images that were entirely inaccessible to her screen reader.

44. In addition to the errors described above, the WAVE audit of www.freeprintsnow.com identified eleven (11) very low contrast errors, further impeding Plaintiff's ability to perceive any remaining visual elements on the page. The website received an AIM score of only 4.5 out of 10. While this score is marginally higher than those of www.cafepress.com and www.canvasworld.com, the ten (10) linked images missing alternative text are particularly significant because the primary navigational and informational content of the apps page is conveyed entirely through linked images — rendering the core functionality of the website inaccessible to Plaintiff.

45. On or about June 18, 2026, after encountering barriers on www.freeprintsnow.com, Plaintiff also attempted to browse the FreePrints Photo Tiles service offering — specifically the free 8x8 monthly photo tile — for use in decorating her home with family photographs. Plaintiff was unable to access any meaningful information about this service due to the same barriers described above.

46. The access barriers described herein are not isolated technical glitches. They are systemic failures that pervade all three of Defendant's websites and reflect a pattern of deliberate or negligent disregard for the accessibility rights of blind and visually impaired consumers. The WAVE audits conducted on all three websites reflect pervasive violations of WCAG 2.1 Level AA standards, including missing alternative text, empty and missing form labels, empty links, and very low contrast — all of which are well-known, well-documented,

and readily correctable accessibility deficiencies.

47. The access barriers on Defendant's websites deny Plaintiff and similarly situated blind and visually impaired individuals the full and equal enjoyment of Defendant's goods and services, in violation of Title III of the ADA, the NYSHRL, NYCRL, and NYCHRL.

48. Notably, Defendant was previously sued in the United States District Court for the Northern District of Illinois in *Haron Cole v. PlanetArt, LLC,* Case No. 1:25-cv-05360 (filed May 14, 2025), alleging that another of Defendant's websites — www.gifts.com — was inaccessible to blind and visually impaired individuals in violation of the ADA. Although that action was voluntarily dismissed on September 15, 2025, upon the entry of an order by the Honorable Sunil R. Harjanic granting a motion for voluntary dismissal (Dkt. #12), Defendant failed to take any steps to remediate the accessibility of its other websites, including www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com, notwithstanding its actual or constructive knowledge of the pervasive accessibility failures on those websites.

49. Defendant's failure to remediate the access barriers on its websites, despite being on notice of its ADA obligations following the prior litigation, constitutes willful and/or deliberate disregard for the rights of blind and visually impaired individuals, and supports the imposition of enhanced remedies under applicable law.

50. Plaintiff Susan Russo has standing to bring this action. Plaintiff has suffered a concrete and particularized injury-in-fact arising from her inability to access Defendant's websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — due to the access barriers described herein. Plaintiff was denied the full and equal enjoyment of goods, services, and information available on those websites, which were accessible to sighted users but inaccessible to Plaintiff due to Defendant's failure to comply with applicable accessibility standards.

51. Plaintiff has a genuine and non-speculative intent to return to

www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com once those websites are rendered accessible and compliant with applicable accessibility standards. Plaintiff wishes to return to www.cafepress.com to purchase custom-printed apparel items, including personalized T-shirts and themed apparel, which are uniquely available through CafePress's design-on-demand platform. Plaintiff wishes to return to www.canvasworld.com to purchase canvas wall art for her home, including the "Calm Dawn" and "Drama Queen Stripes" abstract canvases, which are available at competitive prices not matched by comparable competitors. Plaintiff wishes to return to www.freeprintsnow.com to take advantage of the FreePrints Photobooks and FreePrints Photo Tiles services to preserve and display family photographs in a printed format at no cost — a unique value proposition not available from comparable competitors.

52.    Plaintiff's intent to return is concrete and non-speculative because: (a) Plaintiff has previously visited Defendant's websites on multiple occasions and sought to purchase specific products thereon; (b) the products and services available on Defendant's websites are unique and not available from any comparable single-source competitor; (c) Plaintiff resides in New York County, New York, and routinely shops online for apparel, home décor, and photo products; and (d) Plaintiff will return to Defendant's websites as soon as they are remediated to comply with applicable accessibility standards.

53.    Plaintiff is deterred from returning to Defendant's websites by the access barriers described herein. Plaintiff has actual knowledge of those barriers as a result of her visits to the websites and her inability to independently access the goods, services, and information available thereon. This deterrence constitutes an ongoing injury for purposes of standing.

54.    The injury suffered by Plaintiff is directly traceable to Defendant's failure to design, construct, maintain, and operate its websites in a manner that is accessible to blind and

visually impaired individuals, in violation of the ADA, NYSHRL, NYCRL, and NYCHRL.

55. A favorable judgment in this action — requiring Defendant to make www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com accessible and compliant with WCAG 2.1 Level AA standards — would redress Plaintiff's injury by enabling her to independently access and use those websites to browse and purchase goods and services.

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings this action pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of herself and a Class defined as follows:

> All legally blind individuals in the United States who have attempted or
> who in the future will attempt to access www.cafepress.com,
> www.canvasworld.com, and/or www.freeprintsnow.com and who have
> been, or will be, denied access to Defendant's websites due to the access
> barriers described herein (the "Class").

58. **Numerosity** — Fed. R. Civ. P. 23(a)(1): The members of the Class are so numerous that joinder is impracticable. According to the National Federation of the Blind, there are approximately 7.6 million Americans with visual disabilities, including over 1 million who are legally blind. Defendant's websites are accessible nationally. Accordingly, there are thousands of potential Class members who have encountered or will encounter the barriers described herein.

59. **Commonality** — Fed. R. Civ. P. 23(a)(2): There are questions of law and fact common to the Class, including: (a) whether Defendant's websites are places of public accommodation within the meaning of Title III of the ADA; (b) whether Defendant's websites contain access barriers that deny blind individuals full and equal access to Defendant's goods, services, and information; (c) whether those barriers violate Title III of the ADA, the NYSHRL, NYCRL, and NYCHRL; and (d) whether Defendant is required to remediate those barriers.

60.    **Typicality** — Fed. R. Civ. P. 23(a)(3): Plaintiff's claims are typical of those of the Class. Plaintiff has the same disability as the Class members, encountered the same barriers on Defendant's websites, and seeks the same relief as the Class.

61.    **Adequacy** — Fed. R. Civ. P. 23(a)(4): Plaintiff is an adequate representative of the Class. Plaintiff's interests are aligned with those of the Class, she has no conflicts of interest with any Class member, and she is represented by counsel experienced in prosecuting class action ADA accessibility cases.

62.    This action is properly maintainable as a class action pursuant to Rule 23(b)(2) because Defendant has acted on grounds generally applicable to the Class, making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Defendant's failure to make its websites accessible to blind and visually impaired individuals represents a uniform policy or practice that applies equally to all Class members.

63.    Plaintiff's counsel is experienced in prosecuting complex civil rights class action litigation and is qualified to act as Class Counsel in this matter.

### FIRST CAUSE OF ACTION
Violation of the Americans with Disabilities Act,
42 U.S.C. § 12181 et seq.
(On Behalf of Plaintiff and the Class)

64.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

65.    Title III of the ADA, 42 U.S.C. § 12182(a), prohibits discrimination against individuals with disabilities "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." Defendant's websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — are places of public accommodation within the meaning of 42 U.S.C. § 12181(7).

66.    Defendant has discriminated against Plaintiff and the members of the Class by

denying them full and equal access to Defendant's websites, and to the goods and services offered thereon, on the basis of their disability. Defendant has denied Plaintiff and the Class the same goods, services, and information available to sighted customers.

67.    Defendant has further discriminated against Plaintiff and the Class by failing to take necessary steps to ensure that its policies, practices, and procedures relating to website accessibility do not deny individuals with disabilities full and equal access to Defendant's goods, services, and information, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii).

68.    The access barriers on Defendant's websites — including the 127 errors on www.cafepress.com, the 57 errors on www.canvasworld.com, and the 20 errors on www.freeprintsnow.com, as identified by the WAVE accessibility evaluation tool — constitute violations of Title III of the ADA and the accessibility standards promulgated thereunder. These barriers were present and known to Defendant, or should have been known to Defendant, at the time of Plaintiff's visits and continue to exist today.

69.    Defendant's discriminatory conduct is ongoing. Unless enjoined, Defendant will continue to violate the ADA by failing to provide Plaintiff and the Class with full and equal access to its websites and the goods and services offered thereon.

70.    Plaintiff and the Class are entitled to injunctive relief requiring Defendant to bring its websites into compliance with Title III of the ADA and WCAG 2.1 Level AA accessibility standards, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

### SECOND CAUSE OF ACTION
Violation of the New York State Human Rights Law,
N.Y. Exec. Law § 290 et seq.
(On Behalf of Plaintiff and the Class)

71.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

72.    The New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a), prohibits any place of public accommodation from directly or indirectly refusing, withholding

from, or denying any of the accommodations, advantages, facilities, or privileges thereof, including the extension of credit, because of disability.

73.     Defendant's websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — are places of public accommodation within the meaning of N.Y. Exec. Law § 292(9). Defendant has denied Plaintiff and the Class full and equal access to those websites because of their disability, in violation of the NYSHRL.

74.     As a direct and proximate result of Defendant's violations of the NYSHRL, Plaintiff and the Class have suffered and continue to suffer harm, including the loss of equal access to Defendant's goods, services, and information, and other damages.

75.     Plaintiff and the Class are entitled to compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs pursuant to N.Y. Exec. Law § 297.

### THIRD CAUSE OF ACTION
Violation of the New York Civil Rights Law,
N.Y. Civ. Rights Law § 40 et seq.
(On Behalf of Plaintiff and the Class)

76.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

77.     The New York Civil Rights Law, N.Y. Civ. Rights Law § 40, provides that all persons within the jurisdiction of the State of New York shall be entitled to the full and equal accommodations, advantages, facilities, and privileges of any place of public accommodation, resort, or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. N.Y. Civ. Rights Law § 40-c prohibits discrimination on the basis of disability in any public accommodation. Defendant has violated these provisions by denying Plaintiff and the Class full and equal access to its websites on the basis of their disability.

78.     Plaintiff and the Class are entitled to compensatory and punitive damages, injunctive relief, a civil penalty not to exceed $500 for each and every violation, and attorneys' fees and costs pursuant to N.Y. Civ. Rights Law §§ 40-d and 41.

**FOURTH CAUSE OF ACTION**
Violation of the New York City Human Rights Law,
N.Y. City Admin. Code § 8-101 et seq.
(On Behalf of Plaintiff and the Class)

79.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

80.     The New York City Human Rights Law, N.Y. City Admin. Code § 8-107(4)(a), prohibits any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent, or employee of any place or provider of public accommodation from refusing, withholding from, or denying to any person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities, or privileges of such place or provider of public accommodation because of disability.

81.     Defendant's websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — are places of public accommodation within the meaning of the NYCHRL. Defendant has denied Plaintiff and the Class full and equal access to those websites because of their disability, in violation of the NYCHRL.

82.     The NYCHRL must be construed broadly in favor of discrimination plaintiffs, to the end that the statute's remedial purposes are advanced. Defendant's failure to make its websites accessible to blind and visually impaired individuals constitutes unlawful discrimination under the NYCHRL.

83.     Plaintiff and the Class are entitled to compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs pursuant to N.Y. City Admin. Code §§ 8-120 and 8-502.

**FIFTH CAUSE OF ACTION**
Declaratory Relief
(On Behalf of Plaintiff and the Class)

84.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

85.    An actual controversy has arisen and exists between Plaintiff and Defendant concerning the accessibility of Defendant's websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — under Title III of the ADA, the NYSHRL, NYCRL, and NYCHRL. Plaintiff contends that those websites contain pervasive access barriers that deny blind and visually impaired individuals full and equal access to Defendant's goods, services, and information, in violation of applicable law. Defendant disputes that its websites violate the foregoing statutes.

86.    Plaintiff is entitled to a declaration that Defendant's websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — violate Title III of the ADA, the NYSHRL, NYCRL, and NYCHRL, and that Defendant is required to bring those websites into compliance with those statutes and with WCAG 2.1 Level AA accessibility standards.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Susan Russo, on behalf of herself and all others similarly situated, respectfully prays for judgment against Defendant PlanetArt, LLC as follows:

a.    Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, with Plaintiff Susan Russo designated as Class Representative and Plaintiff's counsel designated as Class Counsel;

b.    A permanent injunction directing Defendant to take all steps necessary to make its websites — www.cafepress.com, www.canvasworld.com, and www.freeprintsnow.com — fully accessible to and independently usable by blind and

visually impaired individuals, including by conforming those websites to WCAG 2.1 Level AA standards, and to maintain such accessibility;

c.     An order requiring Defendant to retain a qualified accessibility consultant to ensure ongoing compliance with applicable accessibility standards;

d.     Compensatory and punitive damages in an amount to be determined at trial, as permitted by applicable law;

e.     A civil penalty pursuant to N.Y. Civ. Rights Law § 40-d;

f.     Attorneys' fees, litigation costs, and expenses pursuant to 42 U.S.C. § 12205, N.Y. Exec. Law § 297, N.Y. City Admin. Code § 8-502, and any other applicable provision of law;

g.     Such other and further relief as this Court may deem just, equitable, and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 8, 2026
New York, New York

Respectfully submitted,
**JOSEPH & NORINSBERG, LLC**
*/s/ Robert Schonfeld*
Robert Schonfeld, Esq.
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com